UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN MEADE, on behalf of himself and
all others similarly situated,

          Plaintiff,

    v.

HANNAFORD BROS. CO.,

          Defendant.
-----------------------------------------------------------X

Case No.

SUMMONS

**08 CV 3555**

**JUDGE GRIESA**

TO:    Hannaford Bros. Co.
         145 Pleasant Hill Road
         Scarborough, ME 04074-9309

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiffs' attorney, THOMAS M. MULLANEY, ESQ., whose address is 708 Third Avenue, Suite 2500, New York, New York, 10017, a response to the Complaint within twenty (20) days of it being served upon you, exclusive of the day of service. If you fail to do so, the relief requested will be granted. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

_Clerk_

_____
(By) Deputy Clerk

APR 1 4 2008

_Date_

JUDGE GRIESA

08 CV 3555

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN MEADE, on behalf of himself and         :
all others similarly situated,                              :
                                                                       :
                                                                       :   Case No.
              Plaintiff,                                          :
                                                                       :
      v.                                                           :   JURY TRIAL DEMANDED
                                                                       :
HANNAFORD BROS. CO.,                              :
                                                                       :
              Defendant.                                       :
                                                                       :
-------------------------------------------------------------X

APR 14 2008
U.S.D.C. S.D. N.Y.
CASHIERS

### PLAINTIFF'S CLASS ACTION COMPLAINT

NOW COMES John Meade ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, and in support of Plaintiff's Class Action Complaint, states as follows.

### PARTIES

1.  Plaintiff John Meade is a resident of Maine.

2.  Defendant Hannaford Bros. Co. ("Hannaford") is a Maine corporation headquartered in Scarborough, Maine. Hannaford operates supermarket grocery stores located in Maine, Massachusetts, New Hampshire, New York, Vermont, and Florida.

### JURISDICTION

3.  This Court has jurisdiction over this multi-state class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendant. See

28 U.S.C. § 1332(d) (A). This Court has personal jurisdiction over Defendant who owns and operates businesses located in New York.

4. Venue properly lies in this District pursuant to 28 U.S.C. § 1391(a) (2) because a substantial part of the acts giving rise to Plaintiff's claims occurred in this District, in that a significant amount of the consumers' financial data at issue was transmitted to or through the Southern District of New York.

## INTRODUCTION

5. Hannaford is a retail supermarket chain that operates grocery stores and does business in New York and throughout the Northeastern region of the United States, as well as in Florida.

6. Hannaford owns and operates more than 290 stores, and it recorded over $2.1 billion in sales during 2007.

7. Hannaford owns and operates stores under the Hannaford and Sweetbay names, as well as several other independent stores, including: Bayside Market, Mister Market, and various Paradis and Shop 'N Save stores.

8. On March 17, 2008, Hannaford publicly announced that since December of 2007, 4.2 million of its customers' credit and debit card numbers, including the cards' respective expiration dates, had been continuously viewed, stolen, and/or compromised (hereinafter referred to as "compromised"). The data was compromised after an intruder or intruders gained access to Hannaford's computer system while it was transmitting consumers' financial information.

9. It is believed that at least 1,800 of the compromised card numbers have already been used fraudulently.

10. Hannaford has stated that it learned that its computer systems had been compromised on February 27, 2008. Hannaford delayed almost three weeks before notifying customers of the security breach.

11. At the time the breach occurred. Hannaford was transmitting its customers' personal and financial information through its Point-of-Sale (POS) systems and accompanying computer systems.

12. To date, the credit and debit card information of as many as 4.2 million consumers has been compromised, stemming from transactions recorded at Hannaford's grocery stores from the period beginning in December of 2007, to the present.

13. Plaintiff used his debit card to purchase items from Hannaford Grocery Store(s) in Maine on several occasions during December 2007 through March 2008.

14. As a result of Plaintiff shopping at Hannaford Grocery Stores in Maine on several occasions from December 2007 through March 2008, Hannaford transmitted Plaintiff's debit card information in a manner that allowed it to be compromised by an intruder or intruders.

15. Plaintiff's debit card information has been compromised as a result of Hannaford's actions and/or inactions.

16. Plaintiff is now at an increased risk of identity theft and/or of incurring fraudulent and unauthorized charges.

## CLASS ACTION ALLEGATIONS

17. This action is brought on behalf of Plaintiff, individually and as a class action, on behalf of all persons or entities in Maine, Massachusetts, New Hampshire, New York, Vermont, and Florida who entered into credit or debit card transactions at one of Hannaford's stores, or one of its independent stores, and whose credit and/or debit card information, including expiration dates, was transmitted by Hannaford through its computer systems during the time-period that Hannaford's security was compromised (hereinafter "the Class"). The Class does not include Hannaford or it officers, directors, agents, or employees.

18. The Class is composed of millions of consumers, the joinder of whom in one action is impracticable. Disposition of their claims in a class action will provide substantial benefits to both the parties and the Court.

17. The rights of each member of the Class were violated in a similar fashion based upon Hannaford's uniform actions and/or inactions.

18. Questions of law and fact common to the Class predominate over questions that may affect individual Class members, including the following:

    a. Whether Hannaford was negligent in collection and transmitting financial information of its customers;

    b. Whether Hannaford took reasonable measures to safeguard the financial information of its customers;

    c. Whether Hannaford owed a duty to Plaintiff and/or the Class to protect the financial information of its customers;

    d. Whether Hannaford breached its duty to exercise reasonable care transmitting its customers' financial information by collecting that information through its POS systems;

    e. Whether Hannaford breached its duty of reasonable care to protect the financial information of its customers by failing to comply with PCI standards;

    f. Whether Hannaford breached a duty by failing to keep Plaintiff's, and Class members' financial information secure;

    g. Whether Hannaford breached a duty by failing to timely inform Plaintiff and Class members that their financial information had been compromised;

    h. Whether Hannaford was negligent in failing to keep Plaintiff's and Class members' financial information secure; and

    i. Whether Plaintiff and members of the Class have sustained damages, and if so, what is the proper measure of those damages.

21. Plaintiff will fairly and adequately represent and protect the interests of the Class, as he has no interest that is antagonistic to or that irreconcilably conflicts with those of other members of the Class.

22. Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.

23.     A class action is superior to all other available methods for the fair and efficient adjudication of Plaintiff's and the Class members' claims. Plaintiff and the members of the Class have suffered irreparable harm as a result of Hannaford's negligent and unlawful conduct. The damages suffered by individual Class members may be relatively small, and thus few, if any, individual class members can afford to seek legal redress on an individual basis for the wrongs complained of herein. Absent a class action, Plaintiff and members of the Class will continue to suffer losses as a result of Hannaford's unlawful and negligent conduct.

## COUNT 1
## NEGLIGENCE

24.     Plaintiff incorporates and realleges paragraphs 1 through 23 as if fully set forth herein.

25.     Hannaford requested and came into possession of Plaintiff's and the Class' financial information, and had a duty to exercise reasonable care in safeguarding and protecting such information form being compromised and/or stolen.

26.     Hannaford had a duty to timely disclose the fact that Plaintiff's, and the Class' financial information within its possession had been, or was reasonably believed to have been compromised.

27.     Hannaford through its acts and/or omissions, unlawfully breached its duty to Plaintiff and the Class by failing to exercise reasonable care in protecting and safeguarding Plaintiff's and the Class' financial information within its possession.

28.     But for Hannaford's negligent and wrongful breach of its duties owed to Plaintiff and the Class, Plaintiff's and the Class' financial information would not have been compromised.

29.     Plaintiff's and members of the Class' financial information was compromised, viewed, and/or stolen as the proximate result of Hannaford failing to exercise reasonable care in safeguarding such information by adopting, implementing, or maintaining appropriate security measures to protect and safeguard the financial information within

its possession. This breach of security and unauthorized access was reasonably foreseeable to Hannaford.

30.     Plaintiff and the Class suffered damages, including, but not limited to: otherwise unnecessary efforts to change certain personal security information, investigate whether their personal security information had been misused in stores or forums other than Defendants', anxiety, emotional distress, loss of privacy, and other economic and non-economic harm, in addition to an increased risk of identity theft and/or of incurring fraudulent and unauthorized charges.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully asks that this Court enter an Order:

(1) Certifying this matter as a class action with Plaintiff as Class Representative and designating Plaintiff's counsel as class counsel;

(2) Finding that Hannaford was negligent in protecting Plaintiff's and the Class' financial information inputted into its computer systems and transmitted there from;

(3) Requiring Hannaford to provide monies required to monitor Plaintiff's, and other class members', financial accounts.

(4) Enjoining Hannaford from action that places consumers at a risk of future security breaches.

(5) Awarding damages to Plaintiff and the Class under the common law theories alleged;

(6) Requiring Hannaford to pay Plaintiff and class members reasonable attorney's fees and costs of litigation; and

(7) Providing for such other legal and/or equitable relief as justice requires.

## COUNT II

## BREACH OF IMPLIED CONTRACT

31.  Plaintiff incorporatee paragraphs 1 through 23 as if fully set forth herein.

32.  Hannaford came into possession of Plaintiff's and the Class' financial information and had an implied contract with Plaintiff and the Class to protect such information, which resulted from Plaintiff's and the Class' transactions with Hannaford.

33.  The implied contract required Hannaford to not disclose, or allow to be disclosed, Plaintiff's and the Class' financial information, and to safeguard and protect said information form being compromised and/or stolen.

34.  Hannaford did not safeguard and protect Plaintiff's and the Class' financial information from being compromised and/or stolen. Indeed, Hannaford allowed said information to be compromised and stolen.

35.  Because Hannaford allowed Plaintiff's and Class members' financial information to be compromised and stolen, and because it failed to safeguard and protect said information, Hannaford breached its implied contract with Plaintiff and the Class.

36.  Plaintiff and the Class suffered actual damages including, but not limited to: otherwise unnecessary efforts to change certain personal security information, investigate whether their personal security information had been misused in stores or forums other than Defendants', anxiety, emotional distress, loss of privacy, and other economic and non-economic harm, in addition to an increased risk of identity theft and/or of incurring fraudulent and unauthorized charges.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully asks that this Court enter an Order:

   (1) Certifying this matter as a class action with Plaintiff as Class Representative and designating Plaintiff's counsel as class counsel;

(2) Finding that Hannaford breached its implied contract with Plaintiff and the Class to protect and safeguard their financial information that was sent to and from its computer systems;

(3) Requiring Hannaford to provide monies required to monitor Plaintiff's, and other class members', financial accounts.

(4) Enjoining Hannaford from action that places consumers at a risk of future security breaches.

(5) Awarding damages to Plaintiff and the Class under the common law theories alleged;

(6) Requiring Hannaford to pay Plaintiff and class members reasonable attorney's fees and costs of litigation; and

(7) Providing for such other legal and/or equitable relief as justice requires.

## JURY DEMAND

Plaintiff, on behalf of herself and the putative class, demands a trial by jury on all issues so triable.

Dated: New York, New York
April 14, 2008

                          Respectfully submitted,

                          LAW OFFICES OF THOMAS M. MULLANEY

                          By: _____
                               Thomas M. Mullaney (TM 4274)

                          Attorneys for Plaintiff
                          John Meade
                          708 Third Avenue, Suite 2500
                          New York, NY 10017
                          (212) 223-0800
                          (212) 661-9860 (facsimile)

Of Counsel:

Larry D. Drury, Ltd.
Attorneys at Law
Suite 1430
205 West Randolph Street
Chicago, Il. 60606