IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MEADE, on behalf of himself and all others similarly situated,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>HANNAFORD BROS., CO.,  )<br>)<br>Defendant.  ) | Case No.    08 CV 3555 |

MOTION FOR PRESERVATION OF DOCUMENTS

NOW COMES the Plaintiff, JOHN MEADE, on behalf of himself and all others similarly situated, by and through his attorneys, THE LAW OFFICES OF THOMAS M. MULLANEY and LARRY D. DRURY, LTD., and moves for an Order of Preservation of Documents as follows:

1.  On April 14, 2008, Plaintiff filed his cause of action seeking various relief and for the certification of a class of those similarly situated, defined as follows:

Definition of the Plaintiff Class

Any and all persons or entities in Maine, Massachusetts, New Hampshire, New York, Vermont and Florida who entered into credit or debit card transactions at one of Hannaford's stores, or one of its independent stores, and whose credit and/or debit card information, including expiration dates, was transmitted by Hannaford through its computer systems during the time period that Hannaford's security was compromised  The Class does not include Defendants, or their officers, directors, agents or employees.

2.  Defendants were aware of their conduct at all times relevant herein.

3.  Defendant's conduct in this matter raises serious issues in that this case concerns the following:

(A) Whether Hannaford was negligent in collection and transmitting financial information of its customers;

(B) Whether Hannaford took reasonable measures to safeguard the financial information of its customers;

(C) Whether Hannaford owed a duty to Plaintiff and/or the Class to protect the financial information of its customers;

(D) Whether Hannaford breached its duty to exercise reasonable care transmitting its customers' financial information by collecting that information through its POS systems;

(E) Whether Hannaford breached its duty of reasonable care to protect the financial information of its customers by failing to comply with PCI standards;

(F) Whether Hannaford breached a duty by failing to keep Plaintiff's, and Class members' financial information secure;

(G) Whether Hannaford breached a duty by failing to timely inform Plaintiff and Class members that their financial information had been compromised;

(H) Whether Hannaford was negligent in failing to keep Plaintiff's and Class members' financial information secure; and

(I) Whether Plaintiff and members of the Class have sustained damages, and if so, what is the proper measure of those damages.

4. Defendant's conduct and its blatant refusal to recognize its culpability and compensate those who have been damaged, raises serious questions regarding future conduct they may take in this matter.

5. The proper resolution of this litigation, and the rights of the parties, will depend greatly upon the documentation of Defendant with respect to persons whose credit and/or debit card information, including expiration dates, was transmitted by Hannaford through its computer systems during the time period that Hannaford's security was compromised, as alleged in the Class Action Complaint.

6. It would work no great hardship on Defendant to maintain all of the documents relating or relevant to the subject matter of this litigation, which are already in their actual or constructive care, custody or control, and the retention of same would further the interests of justice for all parties concerned.

7. Many corporations have a set period of time during which they will retain documents. Even for those corporations that do not presently have such a policy, such a policy could be adopted at any time. An order for the preservation of documents would prevent destruction of relevant documents later justified by existing corporate policy.

WHEREFORE, Plaintiff, JOHN MEADE, on behalf of himself and all others similarly situated, moves this Honorable Court to enter an order of preservation of documents in the form attached hereto as Exhibit A or in such other form as this Court deems appropriate.

Respectfully submitted,

JOHN MEADE, on behalf of himself and all others similarly situated,

By: _____
THOMAS M. MULLANEY

THE LAW OFFICES OF THOMAS M. MULLANEY
708 Third Avenue, Suite 2500
New York, NY 10017
(212) 223-0800

OF COUNSEL:

LARRY D. DRURY
LARRY D. DRURY, LTD.
205 West Randolph, Suite 1430
Chicago, IL 60606
(312) 346-7950
Atty. No. 0681024

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOHN MEADE, on behalf of himself and all others similarly situated,** ) ) ) | |
| Plaintiffs, ) ) | Case No.    08 CV 3555 |
| v. ) ) | |
| **HANNAFORD BROS., CO.,** ) ) | |
| Defendant. ) | |

ORDER

THIS CAUSE COMING ON TO BE HEARD on the Motion for Preservation of Documents and the Court being duly advised in the premises;

IT IS HEREBY ORDERED:

1. During the pendency of this litigation or until further order of this Court, Defendant, HANNAFORD BROS., CO., their respective officers, agents, servants, employees, attorneys and accountants shall not alter, destroy or otherwise dispose of any "document" relating or relevant to persons whose credit and/or debit card information, including expiration dates, was transmitted by Hannaford through its computer systems during the time period that Hannaford's security was compromised, as alleged in the Class Action Complaint, in the actual or constructive care, custody or control of each such party from the date of entry of this Order forward, wherever such document is physically located.

2. The term "document" and the scope of this Order shall have the meaning ascribed in Rule 26(a) of the Federal Rules of Civil Procedure and shall, without limiting the generality of the foregoing, include the original and any non-identical copies thereof of any policy, claim,

check, writing, drawing, map, blueprint, film, chart, photograph, audio and video tape recordings and transcripts thereof, and retrievable data, whether electromechanically or electromagnetically recorded and other data compilations from which information can be obtained relating or relevant to all purchases of with respect to persons whose credit and/or debit card information, including expiration dates, was transmitted by Hannaford through its computer systems during the time period that Hannaford's security was compromised, including, but not limited to notices, memoranda, diaries, minutes, purchase records, purchase invoices, correspondence, claims, checks, policies, computer storage, tapes, computer storage cards or disks, books, journals, ledgers, statements, reports, invoices, bills, vouchers, worksheets, jottings, notes, letters, abstracts, audits, charts, checks, diagrams, drafts, recordings, instructions, lists, logs, orders, recitals, telegram messages, telephone bills and logs, resumes, summaries, compilations, computations and other formal and informal writings or tangible preservations of information.

3. Defendant shall be responsible for providing notice of this Order to their respective officers, agents, servants, employees, attorneys and accountants, and shall be responsible for compliance with this Order by such persons.

4. If counsel are unable to resolve disputes regarding the scope or implementation of this Order, any party may apply to the Court for clarification or relief from this Order upon reasonable notice. All documents which are the subject to such disputes shall be preserved

pending a ruling by the Court.

Dated:

                                                ENTER:

THOMAS M. MULLANEY
THE LAW OFFICES OF THOMAS M. MULLANEY
708 Third Avenue
Suite 2500
New York, NY 10017
(212) 223-0800

OF COUNSEL:

LARRY D. DRURY
LARRY D. DRURY, LTD.
205 West Randolph
Suite 1430
Chicago, IL 60606
(312) 346-7950
Atty. No. 0681024